# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACOBSEN,<br><br>    Petitioner,<br><br>    v.<br><br>SHERIFF MARGARET MIMMS,<br><br>    Respondent. | Case No.: 1:17-cv-00033-JLT (HC)<br><br>ORDER DISMISSING GROUND THREE FROM PETITION<br><br>[Doc. No. 1] |

### PROCEDURAL HISTORY

The instant petition was filed on January 10, 2017.[1] A preliminary review of the petition, however, reveals that it contains a claim that has not been exhausted in state court which, if true, would normally require the Court to dismiss the petition unless the claim is withdrawn by Petitioner. The claim at issue, however, challenges a motion to suppress evidence that was denied by the trial court. Such a claim is barred under Stone v. Powell, 455 U.S. 509 (1982). Therefore the claim will be dismissed from the petition.

### DISCUSSION

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary

---

[1] Petitioner consented to the jurisdiction of the Magistrate Judge on January 23, 2017.

1

review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

B. <u>Exhaustion.</u>

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact

that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), *as amended by* Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Petitioner raises three grounds for relief.  However, he lists only the first two grounds as having been exhausted in the state courts.  Concerning the third ground, Petitioner states that his "appellate attorney believed the other two [grounds] were [his] strongest grounds." (Pet., p. 5.)  From the foregoing, it appears that Petitioner has not presented his third claim to the California Supreme Court as required by the exhaustion doctrine.  The Court cannot entertain a mixed petition containing exhausted and unexhausted claims.  Rose v. Lundy, 455 U.S. 509, 510 (1982).  Normally, the petitioner would be required to either amend the petition to delete the unexhausted claim or accept dismissal without prejudice to pursuing the unexhausted claim in state court.  Id.  In this case, however, regardless of whether the claim is unexhausted or not, it is barred under Stone v. Powell, 428 U.S. 465 (1976).

Title 28 U.S.C. § 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." In Cassett v. Stewart, 406 F.3d 614, 622–23 (2005), the Ninth Circuit joined its sister circuits in adopting the standard set forth by the United States Supreme Court in Granberry v. Greer, 481 U.S. 129, 135 (1987), which held that a federal court may deny an unexhausted claim on

the merits where "it is perfectly clear that the applicant does not raise even a colorable federal claim." Id., at 623 (citing Jones v. Morton, 195 F.3d 153, 156 n. 2 (3d Cir.1999)); Mercadel v. Cain, 179 F.3d 271, 276 n. 4 (5th Cir.1999) (quoting Granberry, 481 U.S. at 129)); Hoxsie v. Kerby, 108 F.3d 1239, 1243 (10th Cir.1997) (quoting Granberry, 481 U.S. at 133)). The Ninth Circuit noted that adopting a standard that allows a federal court to deny relief on the merits of an unexhausted claim only when it is perfectly clear the petitioner has no chance of obtaining relief comports with the legislative history of § 2254(b)(2).

Federal habeas review of Petitioner's Fourth Amendment challenge to the denial of his motion to suppress evidence is barred under Stone. In a criminal case, the usual remedy, when evidence is obtained in violation of the Fourth Amendment, is exclusion of the illegally obtained evidence from trial. The exclusionary rule is "a judicially created means of effectuating the rights secured by the Fourth Amendment." Stone, 428 U.S. at 482. In Stone, the Supreme Court effectively removed most Fourth Amendment claims from the scope of federal habeas corpus review if the petitioner had the opportunity to seek a remedy in state court. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone, 428 U.S. at 494. Habeas review of such claims is barred because the minimal deterrent or educative effects of the exclusionary rule are far outweighed by the substantial societal costs of its application on collateral attack. Id. at 493–95. "[I]n the case of a typical Fourth Amendment claim, asserted on collateral attack, a convicted defendant is usually asking society to redetermine an issue that has no bearing on the basic justice of his incarceration." Id. at 491 n. 31. Under Stone, the correctness of the state court's resolution of the petitioner's Fourth Amendment claim is irrelevant: "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." Ortiz–Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir.1996); see also Moormann v. Schriro, 426 F.3d 1044, 1053 (9th Cir. 2005).

Petitioner states that he filed a motion to suppress evidence in the trial court. (Pet., p. 5.) Petitioner states that the judge denied the motion along with his request for an evidentiary hearing.

(Id.) Although Petitioner complains that his motion was denied without a hearing, there is no indication that the judge did not fully consider his motion, and in fact, Petitioner concedes that the judge stated he had considered the motion before denying it. (Id.) Therefore, Petitioner had the opportunity to litigate his claim. Whether the decision was correct is irrelevant. The claim is therefore barred under Stone and must be denied.

**ORDER**

For the foregoing reasons, the Court **ORDERS** that Ground Three is DISMISSED WITH PREJUDICE from the petition.

IT IS SO ORDERED.

Dated:   **January 31, 2017**            **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE