UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACOBSEN,<br><br>    Petitioner,<br><br>v.<br><br>SHERIFF MARGARET MIMMS,<br><br>    Respondent. | No. 1:17-cv-00033-JLT (HC)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT**<br><br>**ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY** |

Petitioner is currently serving a sentence of 32 months for his conviction of unlawful possession of ammunition. He has filed the instant habeas action challenging the conviction. As discussed below, the Court finds the claims to be without merit and will therefore **DENY**[1] the petition.

**I.    PROCEDURAL HISTORY**

Petitioner was convicted in the Fresno County Superior Court on April 25, 2014, of possessing ammunition by a person restricted from owning ammunition pursuant to Cal. Penal Code § 30305. (Doc. 1 at 1.) He was sentenced to 32 months in state prison. Id.

Petitioner appealed to the California Court of Appeal, Fifth Appellate District ("Fifth DCA"). The Fifth DCA affirmed the judgment on August 26, 2016. (LD[2] 19.) On September

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).
[2] "LD" refers to the documents lodged by Respondent with the answer.

1

30, 2016, Petitioner filed a petition for review in the California Supreme Court. (LD 22.) The petition was summarily denied on November 9, 2016. (LD 23.)

On January 10, 2017, Petitioner filed the instant petition for writ of habeas corpus in this Court. (Doc. 1.) Respondent filed an answer on March 29, 2017. (Doc. 11.) Petitioner did not file a traverse.

## II. FACTUAL BACKGROUND

The Court adopts the Statement of Facts in the Fifth DCA's unpublished decision[3]:

> In November of 2013, Jacobsen was living in a house at 5180 East Ball Avenue in Fresno. Due to a prior conviction for violation of Penal Code section 273.5, he was prohibited from possessing a firearm or ammunition.
>
> Law enforcement suspected Jacobsen of starting a November 18 trash can fire in the driveway of the Ball Avenue house and obtained a search warrant for the premises. The house was searched on November 20. Jacobsen was not home at the time, but was found within minutes at a nearby school yard. Only one bedroom in the house was occupied. That room contained Jacobsen's personal belongings, including mail, photographs and documents with his name on them. In the bedroom closet, officers found a camera case containing four live .20-gauge shotgun shells. In the bedroom, along the same wall as the closet, officers found a box with 34 live .38-caliber rounds, four live .22-caliber rounds, and one live shotgun slug. All of the ammunition was capable of being fired.
>
> Jacobsen, who represented himself at trial, testified in his own defense that he had never seen the bullets before trial and he did not know how they got inside the house. According to Jacobsen, he had recently been released from jail before moving into the house and did not have time to search the house for any contraband. He did, however, admit he found a shotgun shell in the house after his release. Jacobsen testified that, while he was in jail, many people came and went in the house and he believed someone left the bullets in the house in order to frame him and get him kicked out of the house.

People v. Jacobsen, 2016 WL 4491475, at *1 (Cal. Ct. App. Aug. 26, 2016).

## III. DISCUSSION

### A. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor,

---

[3] The Fifth DCA's summary of facts in its unpublished opinion is presumed correct. 28 U.S.C. §§ 2254(d)(2), (e)(1). Therefore, the Court will rely on the Fifth DCA's summary of the facts. Moses v. Payne, 555 F.3d 742, 746 (9th Cir. 2009).

2

529 U.S. 362, 375 n. 7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. The challenged conviction arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C.§ 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997) (holding the AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

B.     Legal Standard of Review

A petition for writ of habeas corpus under 28 U.S.C. § 2254(d) will not be granted unless the petitioner can show that the state court's adjudication of his claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003); Williams, 529 U.S. at 412-413.

A state court decision is "contrary to" clearly established federal law "if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or "if it confronts a set of facts that is materially indistinguishable from a [Supreme Court] decision but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams, 529 U.S. at 405-406).

In Harrington v. Richter, 562 U.S. 86, 101 (2011), the U.S. Supreme Court explained that an "unreasonable application" of federal law is an objective test that turns on "whether it is possible that fairminded jurists could disagree" that the state court decision meets the standards set forth in the AEDPA. The Supreme Court has "said time and again that 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Cullen v. Pinholster, 563 U.S. 170, 203 (2011). Thus, a state prisoner seeking a writ of habeas corpus from

3

a federal court "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." Harrington, 562 U.S. at 103.

The second prong pertains to state court decisions based on factual findings. Davis v. Woodford, 384 F.3d 628, 637 (9th Cir. 2003) (citing Miller-El v. Cockrell, 537 U.S. 322 (2003)). Under § 2254(d)(2), a federal court may grant habeas relief if a state court's adjudication of the petitioner's claims "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Wiggins v. Smith, 539 U.S. 510, 520 (2003); Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997). A state court's factual finding is unreasonable when it is "so clearly incorrect that it would not be debatable among reasonable jurists." Jeffries, 114 F.3d at 1500; see Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004), *cert.denied*, Maddox v. Taylor, 543 U.S. 1038 (2004).

To determine whether habeas relief is available under § 2254(d), the federal court looks to the last reasoned state court decision as the basis of the state court's decision. See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991); Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). "[A]lthough we independently review the record, we still defer to the state court's ultimate decisions." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

The prejudicial impact of any constitutional error is assessed by asking whether the error had "a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551 U.S. 112, 119-120 (2007) (holding that the Brecht standard applies whether or not the state court recognized the error and reviewed it for harmlessness).

C. Review of Claims

Petitioner claims the evidence was insufficient to support the conviction and the trial court erred by failing to give unanimity instructions.

1. Insufficiency of the Evidence

Petitioner contends that there was no evidence whatsoever that he had any knowledge of the ammunition in the house. He states he had only been in the house for two weeks, and there

4

were many others who had been constantly in and out of the house.

### a. State Court Decision

This claim was presented on direct appeal to the state courts. In the last reasoned decision, the Fifth DCA denied the claim as follows:

> Jacobsen contends the evidence was insufficient to prove he had knowledge of the ammunition found in his house to support his conviction for unlawful possession of ammunition. We disagree.
>
> *Standard of Review*
>
> "In reviewing a challenge to the sufficiency of the evidence, we do not determine the facts ourselves. Rather, we 'examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citations.] We presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.] [¶] The same standard of review applies to cases in which the prosecution relies primarily on circumstantial evidence and to special circumstance allegations. [Citation.] '[I]f the circumstances reasonably justify the jury's findings, the judgment may not be reversed simply because the circumstances might also reasonably be reconciled with a contrary finding.' [Citation.] We do not reweigh evidence or reevaluate a witness's credibility. [Citation.]" (*People v. Guerra* (2006) 37 Cal.4th 1067, 1129, overruled on another ground in *People v. Rundle* (2008) 43 Cal.4th 76, 151.)
>
> *Applicable Law and Analysis*
>
> For a defendant to be guilty of unlawfully possessing ammunition under section 30305, he must have: (1) had under his custody or control, owned or possessed ammunition; (2) known that he owned or possessed the ammunition; and (3) been prohibited from possessing ammunition. (CALCRIM No. 2591; § 30305, subd. (a).) To be convicted, the jury had to find that Jacobsen had knowledge of the presence of the ammunition. (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1030.) The offense can be established by circumstantial evidence and any reasonable inferences drawn from that evidence. (*People v. Meza* (1995) 38 Cal.App.4th 1741, 1745-1746.)
>
> Here, Jacobsen lived in the only one bedroom occupied at the time of the offense, which contained many of Jacobsen's personal belongings. It was in this bedroom that officers found both containers of live ammunition: one container in the closet, the other nearby against the bedroom wall. Jacobsen admitted in his testimony that he had previously found ammunition in the house and had told his mother so. From this evidence, there is sufficient evidence for the jury to infer that Jacobsen knew of the presence of the ammunition.
>
> Jacobsen disagrees, claiming the evidence is insufficient to show his knowledge of the ammunition because "the comings and goings at the house" showed he did not have exclusive control of the house where the ammunition was located. However, "[e]xclusive possession is not necessary. A defendant does not avoid conviction if his right to exercise dominion and control over the place where the contraband was located is shared with others. [Citations.]" (*People v. Rushing* (1989) 209

Cal.App.3d 618, 622.) "[P]ossession may be imputed when the contraband is found in a place which is immediately and exclusively accessible to the accused and subject to his dominion and control, or to the joint dominion and control of the accused and another. [Citation.]" (*People v. Williams* (1971) 5 Cal.3d 211, 215.) Exercise of dominion and control must be something more than mere presence at the scene where contraband is located and more than the opportunity to access a location where contraband is found. (*People v. Redrick* (1961) 55 Cal.2d 282, 285 [citing cases]; *People v. Glass* (1975) 44 Cal.App.3d 772, 777.) The jury heard and rejected Jacobsen's theory that someone else placed the ammunition in the house to frame him. Our role is not to reweigh the jury's evaluation of the evidence. (*People v. Brown* (2014) 59 Cal.4th 86, 106.)

Jacobsen also asserts no firearms were found in the house, which "greatly weakens the inference that [he] knowingly possessed the live, but as a practical matter, useless ammunition." But Jacobsen concedes that owning a firearm is not an element of unlawfully possessing ammunition under section 30305.

The evidence set forth above amply supports Jacobsen's conviction of unlawful possession of ammunition. In arguing that the evidence was insufficient, Jacobsen asks this court to reweigh the evidence and view it in the light most favorable to the defense, contrary to the governing standard of review.

Jacobsen, 2016 WL 4491475, at *1–2.

### b. Legal Standard

The law on sufficiency of the evidence is clearly established by the United States Supreme Court. Pursuant to the United States Supreme Court's holding in Jackson v. Virginia, 443 U.S. 307, the test on habeas review to determine whether a factual finding is fairly supported by the record is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319; see also Lewis v. Jeffers, 497 U.S. 764, 781 (1990). Thus, only if "no rational trier of fact" could have found proof of guilt beyond a reasonable doubt will a petitioner be entitled to habeas relief. Jackson, 443 U.S. at 324. Sufficiency claims are judged by the elements defined by state law. Id. at 324, n. 16.

If confronted by a record that supports conflicting inferences, a federal habeas court "must presume–even if it does not affirmatively appear in the record–that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Id. at 326. Circumstantial evidence and inferences drawn from that evidence may be sufficient to sustain a conviction. Walters v. Maass, 45 F.3d 1355, 1358 (9th Cir. 1995).

After the enactment of the AEDPA, a federal habeas court must apply the standards of

Jackson with an additional layer of deference. <u>Juan H. v. Allen</u>, 408 F.3d 1262, 1274 (9th Cir. 2005). In applying the AEDPA's deferential standard of review, this Court must presume the correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1); <u>Kuhlmann v. Wilson</u>, 477 U.S. 436, 459 (1986).

In <u>Cavazos v. Smith</u>, 565 U.S. 1 (2011), the United States Supreme Court further explained the highly deferential standard of review in habeas proceedings, by noting that <u>Jackson</u>

> makes clear that it is the responsibility of the jury - not the court - to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury. What is more, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was "objectively unreasonable."
>
> Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold.

<u>Id</u>. at 2.

   c. <u>Analysis</u>

In this case, the state courts correctly applied the <u>Jackson</u> standard. <u>See</u> <u>People v. Guerra</u>, 37 Cal.4th 1067, 1129 (2006), citing <u>Jackson</u>, 443 U.S. at 319-20. Therefore, the question before this Court is whether that application was objectively unreasonable. <u>Williams</u>, 529 U.S. at 412-413. The Court finds that it was not.

Petitioner was convicted of unlawful possession of ammunition, which required a finding that Petitioner had custody or control of ammunition, knew he possessed ammunition, and was prohibited from possessing ammunition. <u>See</u> Cal. Penal Code § 30305. Here, ammunition was discovered in Petitioner's bedroom and bedroom closet. Petitioner was the sole occupant of that bedroom, and that bedroom was the only one occupied in the house. Further, Petitioner testified that he had previously found ammunition in the house and had informed his mother. Based on this evidence, a rational factfinder could determine that Petitioner knew he possessed ammunition.

Petitioner argues that there were others who were constantly in and out of the house. As

pointed out by Respondent, this theory was presented and rejected by the jury. Petitioner is essentially asking this Court "to reweigh the evidence and view it in the light most favorable to the defense, contrary to the governing standard of review." Jackson, 443 U.S. at 319.

Accordingly, Petitioner fails to demonstrate that the state court rejection of his claim was an unreasonable application of Supreme Court authority. The claim must be denied.

2. Unanimity Instruction

Petitioner states that two groups of bullets were found, one in the bedroom and one in the closet. He claims the trial court erred by failing to give unanimity instructions; therefore, it is unknown which group of bullets each juror determined Petitioner was guilty of possessing.

a. State Court Decision

This claim was also raised and rejected on direct appeal. The Fifth DCA denied the claim, as follows:

> Jacobsen argues the trial court committed reversible error when it failed to deliver a unanimity instruction to the jury. We find no prejudicial error.
>
> *Standard of Review*
>
> "[A]ssertions of instructional error are reviewed de novo." (*People v. Shaw* (2002) 97 Cal.App.4th 833, 838.) Whether or not the trial court should have given a "particular instruction in any particular case entails the resolution of a mixed question of law and fact," which is "predominantly legal." (*People v. Waidla* (2000) 22 Cal.4th 690, 733.) As such, it should be examined without deference. (*Ibid*.)
>
> *Applicable Law and Analysis*
>
> In California, a jury verdict must be unanimous. (*People v. Collins* (1976) 17 Cal.3d 687, 693.) Thus, our Constitution requires that each individual juror be convinced, beyond a reasonable doubt, that the defendant committed the specific offense he is charged with. (*People v. Russo* (2001) 25 Cal.4th 1124, 1132.) Therefore, when the evidence suggests more than one discrete crime, either: (1) the prosecution must elect among the crimes; or (2) the trial court must instruct the jury that it must unanimously agree that the defendant committed the same criminal act. (*Ibid*.; *People v. Brown* (1996) 42 Cal.App.4th 1493, 1499-1500.) When so dictated, the unanimity instruction must be given sua sponte. (*People v. Riel* (2000) 22 Cal.4th 1153, 1199.) However, "where the acts were substantially identical in nature, so that any juror believing one act took place would inexorably believe all acts took place, the instruction is not necessary to the jury's understanding of the case." (*People v. Crawford* (1982) 131 Cal.App.3d 591, 599 (*Crawford*).)
>
> Jacobsen's reliance on *People v. Hernandez* (2013) 217 Cal.App.4th 559, is misplaced. In *Hernandez*, the Court of Appeal reversed a conviction because the

8

trial court failed to give a unanimity instruction. The prosecutor failed to make an election between two plausible instances in which the defendant could have been in possession of a firearm or ammunition: one in which he allegedly fired at his ex-girlfriend's house, and one in which he later drove a car with a loaded firearm concealed beneath the hood. No evidence was presented to establish that the guns in the two instances were the same gun. (*Id*. at pp. 569-573.)

Jacobsen's reliance on *Crawford* in which the trial court reversed for failure to give a unanimity instruction, is also misplaced. In *Crawford*, officers found the defendant and his girlfriend together in his bedroom. They seized a loaded .357 magnum revolver holstered at the foot of the bed and a .22 luger semiautomatic from the bedroom closet. They also found a .38-caliber derringer and a .357 magnum in an upstairs bedroom occupied by another individual. (*Crawford, supra*, 131 Cal.App.3d at pp. 594-595.) The *Crawford* court held that, while "possession of all guns was not fragmented as to time, the possession was fragmented as to space. Guns were in different parts of the house; the evidence showed unique facts surrounding the possessory aspect of each weapon." (*Id*. at p. 598.)

But here there was no error on the part of the trial court in failing to give a unanimity instruction. The mere fact that the ammunition was housed in two different containers, one in the bedroom and one in the bedroom closet, does not compel such an instruction. The two containers were not "'fragmented as to time or space,'" but were found in the bedroom and closet, along the same wall, at the same time. (*Crawford, supra*, 131 Cal.App.3d at p. 599.) Thus, Jacobsen's act of possessing the camera case of ammunition and his act of possessing the box of ammunition were "substantially identical in nature, so that any juror believing one act took place would inexorably believe all acts took place." (*Ibid*.)

Even assuming for the sake of argument that the trial court should have given the unanimity instruction, its omission was harmless, even under the *Chapman* [FN2] standard of beyond a reasonable doubt. (*People v. Hernandez, supra*, 217 Cal.App.4th at pp. 576-579 [noting split of authority as to whether *Chapman* or *Watson* [FN3] standard applies to erroneous omission of unanimity instruction].)

[FN2] *Chapman v. California* (1967) 386 U.S. 18 (*Chapman*).

[FN3] *People v. Watson* (1956) 46 Cal.2d 818.

Under *Chapman*, where the record, as here, provides no rational basis, by way of argument or evidence, for the jury to distinguish between the various acts, and the jury must have believed beyond a reasonable doubt that the defendant committed all acts if he committed any, the failure to give a unanimity instruction is harmless. (*People v. Thompson* (1995) 36 Cal.App.4th 843, 853 [error harmless where defendant presented unitary defense that all six guns belong to his mother]. Jacobsen offered the same defense to all criminal acts and the jury's verdict implies that it did not believe the only defense offered. As such, the failure to give a unanimity instruction is harmless error. (*People v. Diedrich* (1982) 31 Cal.3d 263, 283.) Furthermore, the error is also harmless where the record, as here, indicates the jury resolved the basic credibility dispute against Jacobsen and would have convicted him of any of the various offenses shown by the evidence. (*People v. Thompson, supra*, 36 Cal.App.4th at p. 853.)

Jacobsen, 2016 WL 4491475, at *2–3.

9

b. Legal Standard

It is well-settled that federal habeas relief is not available to state prisoners challenging state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings). Here, Petitioner challenges the state court's determination that he was not entitled to a unanimity instruction. Such a claim does not give rise to a federal question cognizable on federal habeas review. Jimenez v. Diaz, 592 Fed.Appx. 594, 595 (9th Cir. 2015) (failure to give a unanimity instruction sua sponte does not present a federal question); Hassan v. Morawcznski, 405 Fed.Appx. 129, 131-32 (9th Cir. 2010) (state court determination that there was no error in the omission of unanimity instruction is a binding interpretation of state law); see also Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus"). Thus, the claim is not cognizable on federal habeas and must be rejected.

## IV. CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
    (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

## V.      ORDER

Accordingly, the Court orders as follows:

1. The petition for writ of habeas corpus is DENIED WITH PREJUDICE;
2. The Clerk of Court is DIRECTED to ENTER JUDGMENT and close the file; and,
3. The Court DECLINES to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated: **August 30, 2017**         /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE